*N.J.S.A.* 25:2–29 also provides no relief to plaintiffs; it provides:

a. In an action for relief against a transfer or obligation under this article, a creditor, subject to the limitation in R.S. 25:2–30, may obtain:

\* \* \* \* \* \* \* \*

(2) An attachment or other provisional remedy against the asset transferred *or other property* of the *transferee* in accordance with the procedure prescribed by Chapter 26 of Title 2A of the New Jersey Statutes and by Rule 4:60 et seq. of the Rules Governing the Courts of the State of New Jersey; (emphasis supplied).

Unquestionably, plaintiffs could seek to recover the assets that were fraudulently conveyed from the transferee. They could also seek to attach other property of the transferee as a remedy for a fraudulent conveyance. However, in this case the transferees were Carabillo's wife and other family members. The IRAs were never transferred.

Affirmed in part; reversed in part.

---

681 A.2d 114

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. MISAEL CORDERO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 22, 1995—Decided August 27, 1996.

Before Judges DREIER, KESTIN and CUFF.

*Raymond M. Brown* argued the cause for appellant (*Alan Dexter Bowman*, attorney, on the brief).

*Gary A. Thomas*, Assistant Prosecutor, Essex County, argued the cause for respondent (*Clifford J. Minor*, Essex County Prosecutor, attorney; *Mr. Thomas*, of counsel and on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

Defendant was convicted of first degree possession of cocaine with intent to distribute, second degree conspiracy to possess cocaine with intent to distribute, and third degree possession of cocaine. The State's motion for an extended term was granted and defendant was sentenced on the merged offenses to a forty-year term of imprisonment with twenty years of parole ineligibility consecutive to another sentence he was then serving. A $100,000 fine was imposed along with a $3,000 DEDR penalty, a $50 lab fee, and a $50 VCCB assessment. Defendant's driving privileges were suspended for twenty-four months.

On appeal, defendant raises the following issues:

POINT I THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS

POINT II THE COURT COMMITTED PLAIN ERROR AND DENIED APPELLANT A FAIR TRIAL IN FAILING TO INSTRUCT THE JURY AS TO THE WEIGHT TO BE ACCORDED EXPERT TESTIMONY (NOT RAISED BELOW)

POINT III APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

We affirm.

■   The trial court's denial of the motion to suppress was based upon factual findings supported by substantial credible evidence in the record. The determination is, therefore, entitled to deference. *State v. Johnson,* 42 *N.J.* 146, 160–62, 199 *A.*2d 809 (1964); *State v. Watson,* 261 *N.J.Super.* 169, 177, 618 *A.*2d 367 (App.Div.1992), *certif. denied,* 133 *N.J.* 441, 627 *A.*2d 1145 (1993).

■   Defendant's argument that he was not afforded effective representation by trial counsel focuses upon counsel's omission to present two fact witnesses at the jury trial. Defendant asserts that at the suppression hearing two weeks earlier the testimony of those witnesses tended to exculpate him from complicity in the drug transaction that generated the charges. Our review of the testimony discloses that it is ambiguous, not clearly exculpatory as defendant contends. That testimony might well have been re-garded by trial counsel to be cumulative of and inferior to the co-defendant's testimony at trial that characterized defendant as a bystander who "was walking by the corner [when] the police grabbed him." Testimony from one of the arresting officers, on the other hand, identified defendant as the driver of the car involved in the drug transaction and one of the participants in the transaction itself. Defendant did not testify.

From this, there appears to be little factual basis for defen-dant's argument of inadequate representation by trial counsel that would satisfy the tests of *Strickland v. Washington,* 466 *U.S.* 668, 104 *S.Ct.* 2052, 80 *L.Ed.*2d 674 (1984); *United States v. Cronic,* 466 *U.S.* 648, 104 *S.Ct.* 2039, 80 *L.Ed.*2d 657 (1984); and *State v. Fritz,* 105 *N.J.* 42, 519 *A.*2d 336 (1987). We do not regard defendant as precluded from raising this issue on a petition for post-conviction relief, however, if he is able to develop a more persuasive basis. *See State v. Preciose,* 129 *N.J.* 451, 459–61, 609 *A.*2d 1280 (1992).

■ As to the remaining issue on appeal, we agree with defendant that the trial judge erred in omitting to "carefully instruct the jury on the weight to be accorded to and the assessment of expert opinion testimony[,]" *State v. Odom,* 116 *N.J.* 65, 82, 560 *A.*2d 1198 (1989), on the issue of whether the drugs involved were possessed with the intent to distribute. Defendant failed, however, to object to the absence of such an instruction, and must satisfy plain error standards. *R.* 2:10–2. The lack of an objection is itself a serious omission, for if it had been lodged the trial court would have had an opportunity to remedy the omitted instruction before the case went to the jury. *See R.* 1:7–2; *Vartenissian v. Food Haulers, Inc.,* 193 *N.J.Super.* 603, 609–10, 475 *A.*2d 626 (App.Div.1984); *State v. Harper,* 128 *N.J.Super.* 270, 277, 319 *A.*2d 771 (App.Div.), *certif. denied,* 65 *N.J.* 574, 325 *A.*2d 708 (1974); *Grammas v. Colasurdo,* 48 *N.J.Super.* 543, 548, 138 *A.*2d 553 (App.Div.1958).

Although errors or omissions in jury charges are generally poor candidates for harmless error analysis, *State v. Weeks,* 107 *N.J.* 396, 410, 526 *A.*2d 1077 (1987), we regard this case as an exception to the rule because of the quality and quantum of factual evidence. *See, e.g., State v. Lair,* 62 *N.J.* 388, 392, 301 *A.*2d 748 (1973); *see also State v. Loftin,* 146 *N.J.* 295, 354, 680 *A.*2d 677 (1996); *State v. DiFrisco,* 137 *N.J.* 434, 479–80, 645 *A.*2d 734 (1994), *cert. denied,* —— *U.S.* ——, 116 *S.Ct.* 949, 133 *L.Ed.*2d 873 (1996); *State v. Martini,* 131 *N.J.* 176, 285–89, 619 *A.*2d 1208 (1993). There is an important difference in factual character between this case and typical matters that require expert testimony to assist a jury in determining whether drugs were possessed with the intent to distribute. If a case is seen as involving recondite questions concerning the significance of the facts shown, including the manner in which the drugs were packaged, the relationship between drugs and money, the presence or absence of drug paraphernalia, the use of confederates, and other such issues, a jury may well need the assistance of expert testimony to resolve the issues and decide the ultimate factual question whether distribution was intended or not. *See State v. Berry,* 140 *N.J.* 280, 658

A.2d 702 (1995); *State v. Odom, supra,* 116 *N.J.* at 70–71, 79–81, 560 *A.2d* 1198. Some cases, such as this one, are, however, considerably more straightforward factually.

■ We note that serious reservations have been expressed as to whether expert testimony of this type should be allowed at all because it tends to invade the jury's province. *See State v. Berry, supra,* 140 *N.J.* at 298, 658 *A.2d* 702. And, although the Supreme Court has explored the subject with a focus on the trial court's responsibilities where the State (or defendant) chooses to proffer expert testimony, *see, e.g., id.* at 303–04, 658 *A.2d* 702, we are aware of no rule that requires such issues to be addressed through the use of experts where the jury does not require "assist[ance] . . . in comprehending the evidence and determining issues of fact." *State v. Odom, supra,* 116 *N.J.* at 70, 560 *A.2d* 1198 (quoted in *State v. Berry, supra,* 140 *N.J.* at 292–93, 658 *A.2d* 702). A jury is not precluded, where appropriate, from making the intent-to-distribute determination from the facts established by the application of common knowledge, including the use of reasonable inferences. *See, e.g., State v. Jackson,* 278 *N.J.Super.* 69, 79, 650 *A.2d* 385 (App.Div.1994) *certif. denied,* 141 *N.J.* 95, 660 *A.2d* 1194 (1995); *see also State v. Cannon,* 271 *N.J.Super.* 391, 396, 638 *A.2d* 915 (App.Div.1994), *aff'd.,* 140 *N.J.* 280, 658 *A.2d* 702 (1995).

Comparing the facts of this case to those in *Odom* is illuminating. In *Odom,* the search disclosed eighteen vials of crack, $24 in cash and no drug paraphernalia. 116 *N.J.* at 69, 560 *A.2d* 1198. Here, the police seized a bag containing 421 vials of cocaine, a tray and another bag containing empty vials. The total weight of the cocaine was 216.06 grams. Cash totalling $390 in one, five, ten and twenty dollar bills was also seized. The small number of vials and the small amount of cash in *Odom* gave rise to an ambiguity in respect of the intentions of the defendants which the State saw need to address through expert testimony that explained how such evidence could be indicative of an intent to distribute rather than merely private use. No such ambiguity existed here. The State

might well have chosen, without expert testimony, on the factual evidence alone, to rely upon the jury's general knowledge and common sense to carry it to a conclusion that these drugs were possessed with the intent to distribute. Given the special features of this case, *i.e.,* the quantity of drugs and other factual elements, we perceive that, even without the expert testimony, there was ample basis in the evidence to support a guilty verdict on all charges. We, therefore, regard the trial court's omission of the necessary *Odom* charge to have been harmless error.

We are constrained to note for the sake of complete analysis that the omission of the *Odom* charge related only to the first and second degree convictions. The existence of an intent to distribute had no bearing upon the remaining, third degree conviction for possession of cocaine.

Affirmed.