

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2007

# Ellison v. Rogers

Precedential or Non-Precedential: Precedential

Docket No. 04-2314

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ellison v. Rogers" (2007). *2007 Decisions.* Paper 1045.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1045

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2314

LARRY ELLISON,

Appellant

v.

GRACE ROGERS;
ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No.: 03-cv-4136
District Judge: The Honorable Joel A. Pisano

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 12, 2007

Before: SMITH and COWEN, *Circuit Judges*, and YOHN,
*District Judge[*]*

_____

[*]The Honorable William H. Yohn, Senior District Judge for
the Eastern District of Pennsylvania, sitting by designation.

Mary Gibbons
600 Mule Road, #16
Holiday Plaza III
Toms River, NJ 08757
    *Counsel for Appellant*

Bruce J. Kaplan
Simon L. Rosenbach
25 Kirkpatrick Street, 3d Floor
New Brunswick, NJ 08901
    *Counsel for Appellee*

———————————————

OPINION OF THE COURT

———————————————

SMITH, *Circuit Judge*.

    Larry Ellison was convicted of sexual assault and child endangerment and sentenced to 10 years of incarceration. He pursued a direct appeal with the aid of counsel through the entire New Jersey state court system but alleged claims of ineffective assistance of counsel at each stage in supplemental pro se briefs. The Appellate Division of the Superior Court of New Jersey denied Ellison's ineffective assistance and due process claims, noting that the denial was "without prejudice to defendant to raise ineffective assistance of counsel or other due process or constitutional claims on an application for post-conviction relief." Certification was denied by the New Jersey Supreme

Court on July 3, 2003. He did not pursue any actions under state law for post-conviction relief.

On September 2, 2003, Ellison filed a petition for relief under 28 U.S.C. § 2254 in the U.S. District Court for the District of New Jersey. In a decision issued April 21, 2004, the District Court denied him relief on the ground that he had failed to exhaust his state remedies. The writ of habeas corpus is not available unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Court determined that it was unnecessary to stay the federal proceedings pending state exhaustion because the one-year limitations period of § 2244(d) would not expire immediately. The Court "alert[ed] Petitioner to the fact that he must file a new federal habeas petition by September 29, 2004." The questions presented by his appeal are whether the District Court erred in finding the ineffective assistance and due process claims Ellison submitted pro se to be unexhausted, and whether the Court should have stayed the petition rather than dismiss it without prejudice.

The District Court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

We have plenary review over the District Court's exhaustion determination. *Holloway v. Horn*, 355 F.3d 707, 713 (3d Cir. 2004). We review the District Court's decision to dismiss a mixed petition, rather than to stay and hold it in abeyance while a petitioner returns to state court to exhaust his state remedies, under an abuse of discretion standard. *Rhines v.*

3

*Weber*, 544 U.S. 269, 276 (2005).

I.

In his petition for habeas relief, Ellison alleged ineffective assistance of counsel and due process claims. He now claims that the District Court's dismissal of his constitutional claims pending exhaustion at the state level was error. We disagree.

In *State v. Preciose*, 609 A.2d 1280 (N.J. 1992), the New Jersey Supreme Court explained that "[i]neffective-assistance-of-counsel claims are particularly suited for post-conviction review because they often cannot reasonably be raised in a prior proceeding." *Id.* at 1285. Although the procedural posture of *Preciose* differed from the one here, in that Preciose sought post-conviction relief, the Court emphasized its "general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record." *Id.*; *see also id.* at 1286. "Thus, trial courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a *prima facie* claim *in support of post-conviction relief.*" *Id.* (emphasis added).

There is no explicit statement in *Preciose* or the New Jersey Rules of Court that requires a defendant to pursue his ineffective assistance claims in the post-conviction setting. N.J.R. § 3:22-1 ("Any person convicted of a crime may, pursuant to this rule, file ... a petition for post-conviction

relief....”). However, the expected procedure is clear: Where evidence outside the record is required to prove ineffective assistance claims, such claims are to be pursued post conviction. *See State v. Castagna*, 901 A.2d 363, 376 (N.J. 2006) (“[W]e cannot determine whether D’Amico had agreed in advance with defense counsel’s trial strategy.... If D’Amico had agreed in advance with defense counsel’s trial strategy, then defense counsel’s conduct was not plainly ineffective. The answers to these questions lie outside the record and must await a post-conviction relief petition.”); *but see id.* at 374 (“However, when the trial itself provides an adequately developed record upon which to evaluate defendant’s claims, appellate courts may consider the issue on direct appeal.”); *Gov’t of Virgin Islands v. Zepp*, 748 F.2d 125, 134 (3d Cir. 1984) (“[W]here the record clearly shows actual conflict of interest and objections made at trial did or should have put the trial court on notice that potential conflict of interest existed, this court’s ‘preference’ for developing such issues on collateral attack need not be followed.”).

A number of New Jersey courts have followed the presumption in *Preciose* that where the factual record as to ineffective assistance is insufficient on direct appeal, the defendant has the right to raise that claim again in post-conviction proceedings where the necessary facts can be explored. *See, e.g.*, *State v. Delgado*, 327 N.J. Super. 137, 149 (App. Div. 2000) (“If ... details of counsel’s ineffective assistance lie outside the record we consider on appeal, defendant may raise them in a motion for post-conviction review.”); *State v. Hackett*, 323 N.J. Super. 460, 484 (App. Div. 1999); *State v. Cordero*, 293

5

N.J. Super. 438, 441 (App. Div. 1996). This approach is not unique to New Jersey. We also have a "firmly establish[ed] ... general policy against entertaining ineffective assistance of counsel claims on direct appeal." *United States v. Gambino*, 788 F.2d 938, 950 (3d Cir. 1986); *see also Massaro v. United States*, 538 U.S. 500, 504-06 (2003); *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003); *but see Clinkscale v. Carter*, 375 F.3d 430, 436-40 (6th Cir. 2004). The rationale for this policy is that "oft-times such claims involve allegations and evidence that are either absent from or not readily apparent on the record." *Gambino*, 788 F.2d at 950.

Ellison's petition makes clear that his trial did not provide an adequately developed record to support his claims. Ellison claimed that his attorneys had a conflict of interest and that they conspired with the prosecutor to use perjured testimony at his trial. He also raised due process claims, alleging *inter alia* that perjured testimony was used against him, he was selectively prosecuted, and that exculpatory evidence was not disclosed. Proof of these claims lies outside of the trial record and would require an evidentiary hearing. Such a hearing would have properly been conducted following a petition for post-conviction relief. Ellison did not exhaust his remedies under state law, and the District Court properly dismissed his claim.[1]

---

[1]Because proof of Ellison's claims required evidence outside of the trial record, this case is distinguishable from *State v. Allah*, 787 A.2d 887 (N.J. 2002), in which the New Jersey Supreme Court held that "[i]n this case ... defendant should not be required to wait until post-conviction relief to raise the issue

II.

Ellison's argument that his federal petition should have been stayed and held in abeyance until he was able to complete the state post-conviction process likewise fails. In *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004), a panel of this Court noted that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *Id.* at 151. However, the panel also explained that "we now adopt an abuse of discretion standard" for "a district court's decision to dismiss a mixed petition rather than to grant a stay." *Id.* at 149. The Supreme Court ruled on the propriety of the stay and abeyance procedure in *Rhines v. Weber*, 544 U.S. 269 (2005), holding that, although the procedure is proper, it "should be available only in limited circumstances." *Id.* at 277. Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* The District Court ruled on Ellison's petition prior to the Supreme Court's issuance of *Rhines*, and therefore did not determine whether his failure to exhaust was based on good cause.

We are mindful of Justice Stevens' concurrence, which

---

because the trial record discloses the facts essential to his ineffective assistance claim." *Id.* at 896; *see also Thornton*, 327 F.3d at 271 ("[W]e have held that we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue.").

cautions that "'good cause' for failing to exhaust state remedies more promptly ... is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'" *Id.* at 279 (Stevens, J., concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). However, Ellison is not an unwary petitioner. The Appellate Division told him explicitly that the dismissal of his pro se claims was without prejudice, and that he could pursue his constitutional claims in an application for post-conviction relief. He cannot, therefore, demonstrate that he had good cause for failing to pursue those claims through the state post-conviction process. Accordingly, we find that the District Court did not abuse its discretion in rejecting Ellison's request for a stay and abeyance while he exhausted his state court remedies.

## III.

For the foregoing reasons, we affirm the judgment of the District Court. Ellison failed to exhaust his remedies under state law, and is therefore precluded from pursuing his constitutional claims here. The District Court did not abuse its discretion by not granting Ellison a stay and abeyance because he did not have good cause for his failure to exhaust.