

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2008

# Aruanno v. Sherrer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1115

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Aruanno v. Sherrer" (2008). *2008 Decisions.* Paper 1244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1115
_____

JOSEPH ARUANNO,

Appellant

v.

LYDELL SHERRER;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cv-02446)
District Judge:  Honorable Jerome B. Simandle
_____

Argued April 18, 2008
Before:  SCIRICA, *Chief Judge*, AMBRO and FISHER, *Circuit Judges*.

(Filed: May 12, 2008)

Peter E. Perkowski (Argued)
Gail J. Standish
Winston & Strawn
333 South Grand Avenue, 38th Floor
Los Angeles, CA  90071
        *Attorneys for Appellant*

Michael J. Williams (Argued)
Office of Attorney General of New Jersey
Department of Law & Public Safety
Division of Criminal Justice
Richard J. Hughes Justice Complex
P.O. Box 086
Trenton, NJ 08625
      *Attorney for Appellees*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This case presents the question whether the District Court should have stayed a mixed petition for writ of habeas corpus rather than deny it outright. A mixed petition is one that contains both exhausted and unexhausted claims. *Toulson v. Beyer*, 987 F.2d 984, 985 n.1 (3d Cir. 1993). Because the facts available to the District Court when it denied the petition indicate that the petitioner did not satisfy the applicable legal test for stay-and-abeyance, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 1997, a grand jury indicted Joseph Aruanno on two counts in violation of New Jersey criminal law: second degree sexual assault and third degree endangering the welfare of a child. A petit jury found Aruanno guilty on count one. On February 5, 1999,

2

Aruanno was sentenced to ten years' imprisonment and community supervision for life as a sex offender.

Aruanno appealed his conviction and sentence, raising a number of issues including ineffective assistance of counsel. The Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence, stating that nearly all of Aruanno's arguments were "clearly without merit." It also stated that Aruanno's "vague claim of ineffective assistance of counsel" was "better suited for post-conviction relief." On February 14, 2002, the New Jersey Supreme Court denied Aruanno's petition for certification. Aruanno's sexual assault conviction thus became final for federal habeas filing purposes on May 16, 2002, or 91 days after the state supreme court denied review of his direct appeal. *See* 28 U.S.C. § 2244(d)(1)(A); SUP. CT. R. 13.1.

The District Court received from Aruanno a pro se petition for habeas corpus under 28 U.S.C. § 2254 on May 20, 2002 and filed it on June 25, 2002. The petition raised nine grounds of relief essentially identical to those contained in his direct appeal. However, Aruanno raised two unexhausted issues: (1) ineffective assistance of both trial and appellate counsel, which the New Jersey appellate court stated was better suited to a collateral challenge; and (2) denial of right to speedy trial, which Aruanno never raised on direct appeal.

In August 2003, more than a year after he filed his federal habeas petition, Aruanno sought post-conviction relief (PCR) in the New Jersey Superior Court (trial

3

court); his verified PCR petition was filed on September 5, 2003.[1]  Aruanno did not assert

an ineffectiveness claim therein.  Aruanno's petition was referred to the Office of the

Public Defender in New Jersey for assignment, but nothing was done with it for over

three years.  In February 2007, the Office of the Public Defender finally perfected the

PCR petition and filed a brief in support.  The perfected petition, unlike Aruanno's earlier

pro se petition, did contain claims of ineffective assistance of counsel.[2]

Meanwhile, well before the New Jersey Public Defender's Office perfected

Aruanno's PCR petition to include ineffectiveness claims, the District Court denied

Aruanno's federal habeas petition on December 27, 2005 in a written opinion and order.

At the time, the District Court was unaware that Aruanno was pursuing state-court PCR

because it wrote that on direct appeal, Aruanno had been "directed to reassert [his

ineffective assistance] claim[s] in a post-conviction relief petition, which he did not do."

Because of this perceived failure, the District Court ruled that the ineffective assistance

claims, although unexhausted, were procedurally barred, and in a footnote, concluded that

---

[1]New Jersey's limitation period for filing PCR petitions in non-capital cases is "5 years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect." N.J. Court Rules, R. 3:22-12(a).

[2]The Superior Court acted on the perfected petition in short order, issuing a letter ruling on March 27, 2007 and an order denying the petition on May 3, 2007.  Aruanno appealed the denial to the Appellate Division, where there has not yet been a decision as of the date of oral argument of this appeal.

even if they were not, they were meritless. At no time prior to the District Court's final judgment did Aruanno specifically request stay-and-abeyance.

Aruanno filed a timely notice of appeal from the District Court's order denying habeas relief. On December 6, 2006, a motions panel of this Court issued the following order:

> "It appears that Aruanno's claims that trial and appellate counsel were ineffective, and that he was denied his right to a speedy trial, have not been exhausted in state court. Accordingly, we issue a certificate of appealability with regard to the question whether the District Court should have dismissed the petition as 'mixed' or stayed it pending exhaustion of those claims in state court rather than finding the ineffectiveness claims defaulted, rejecting the speedy trial claim on the merits, and denying the petition outright. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005). The motion for appointment of counsel is granted."

We now answer the question on which we issued the certificate of appealability (COA).[3]

## II.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. *Carrascosa v. McGuire*, 520 F.3d 249, 255 (3d Cir. 2008). We review for abuse of discretion the District Court's decision not to stay a mixed habeas petition. *Ellison v. Rogers*, 484 F.3d 658, 660 (3d Cir. 2007). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation applies to habeas petitions filed by a person in custody

---

[3]The question presented in the COA is further narrowed because in Aruanno's reply brief, he "acknowledges that his speedy trial claim is unexhausted, and he is not pursuing exhaustion in his PCR proceedings." Therefore, Aruanno has abandoned his request for stay-and-abeyance with respect to his speedy trial claim, leaving only his ineffective assistance claims.

pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). As noted previously, the limitation period in this case ran from the date on which the judgment became final by the conclusion of direct review, *see id.* § 2244(d)(1)(A), and so expired on May 15, 2003.

To implement AEDPA's time requirement fairly, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved a stay-and-abeyance procedure, under which a district court may stay a timely, mixed habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust any unexhausted claims. *Id.* at 275. At the same time, the Court stated that stay-and-abeyance may be granted only after the following three-part test is met: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. On the other hand, once the test is met, "it likely would be an abuse of discretion for a district court to deny a stay." *Id.* at 278.

While the District Court did not conduct the *Rhines* test because Aruanno never asked for stay-and-abeyance, we conclude that even had it done so, it would not have been compelled to grant it. In *Ellison*, our most recent precedent on the subject, we affirmed the district court's denial of stay-and-abeyance because the petitioner could not demonstrate good cause for failing to exhaust the state PCR process when the state appeals court told him to do so during direct review. 484 F.3d at 662. Similarly, the New Jersey appellate court told Aruanno to raise his ineffective assistance claims in PCR proceedings, but the District Court had every reason to believe that Aruanno had not filed

6

any PCR petition in state court, for he never informed the District Court that he did so. Even had he so informed the Court, as of the date the Court ruled on the habeas petition, Aruanno's PCR petition had not yet been perfected to include any ineffectiveness claims. Therefore, the facts as the District Court knew them when it denied Aruanno's habeas petition indicated that there was no good cause for nonexhaustion. Therefore, the District Court would not have abused its discretion in not granting a stay.

We understand Aruanno's argument to distinguish *Ellison* with the benefit of our hindsight, i.e., our knowledge that he did file a PCR petition before the District Court's final judgment (though not containing the crucial ineffectiveness claims until afterwards). We applaud pro bono counsel's admirable efforts in asserting that argument. Yet, a holding in Aruanno's favor necessarily implies that district courts must perform substantially more heavy lifting in the future to acquire the information that we today have only with hindsight. The heavy lifting would consist of: (1) researching the status of any pending state PCR petitions even when they might not exist, or when petitioners never mention them; and (2) where the state petitions have not yet been perfected with the assistance of counsel, waiting indefinitely until the perfection process is complete, even when, as happened in this case, that process took over three years.

Reversing and/or remanding this matter to the District Court, then, does not simply entail the correction of one alleged error; it necessarily implies that the District Court should have performed additional tasks in aid of the petitioner to uncover it. The Supreme Court has cast serious doubt on the propriety of imposing such obligations. *See*

7

*Pliler v. Ford*, 542 U.S. 225, 232 (2004) (cautioning against "forc[ing] upon district judges the potentially burdensome, time-consuming, and fact-intensive task of making a case-specific investigation and calculation of whether the AEDPA limitations period has already run or will have run by the time the petitioner returns to federal court"); *see also Robbins v. Carey*, 481 F.3d 1143, 1148-49 (9th Cir. 2007) (explaining why a court has no obligation to consider the stay-and-abeyance option sua sponte).

### III.

For the foregoing reasons, we answer the question presented in the COA as follows: the District Court did not abuse its discretion in denying Aruanno's mixed habeas petition outright instead of granting stay-and-abeyance or dismissing the petition without prejudice.[4] Accordingly, we will affirm the District Court's order.[5]

---

[4]Although the District Court denied with prejudice the ineffectiveness claims on the ground of procedural default (principally) and on the merits (in a footnote), even had it dismissed those claims without prejudice, AEDPA's one-year limitation period would have applied as of May 16, 2003 to bar them with prejudice upon refiling. *See Slutzker v. Johnson*, 393 F.3d 373, 382 (3d Cir. 2004). Therefore, whether the District Court should have dismissed rather than denied is immaterial in this case.

[5]Our affirmance is based solely on our answer to the question presented in the COA. Therefore, we do not suggest that any part of the District Court's accompanying opinion unrelated to the COA may be cited as having been endorsed by this Court.

Joseph Aruanno v. Lydell Sherrer, et al.

No. 06-1115


AMBRO, Circuit Judge, *concurring*

I concur with my colleagues, but only because I conclude that remand for consideration of a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), would be futile. The District Court had no occasion to exercise its discretion to grant a stay, because it mistakenly identified Aruanno's ineffective-assistance-of-counsel claims as procedurally barred rather than simply unexhausted.[6] Because consideration of a stay involves an inquiry into factual issues (*e.g.*, the existence of good cause for failure to exhaust), and the record does not compel a conclusion that Aruanno is not entitled to a stay, I would generally remand the case to permit the District Court to evaluate the possibility of a stay in the first instance. *See, e.g.*, *Dolis v. Chambers*, 454 F.3d 721, 722 (7th Cir. 2006) (noting its prior order vacating dismissal of *habeas* petition by district court and remanding for consideration of possible stay); *Akins v. Kenney*, 410 F.3d 451, 456 (8th Cir. 2005) (stating that petitioner "must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted

---

[6] Aruanno's failure to pursue an avenue of relief in the state courts is merely a failure to exhaust, not a procedural bar—he has always been free to pursue state-court review of his ineffectiveness claims, and my colleagues offer no explanation to the contrary.

9

claims are not 'plainly meritless,' and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay," and therefore remanding "to permit the district court to exercise its discretion on this matter in the first instance within the framework set forth in *Rhines v. Weber*").

Here, however, the District Court has already rejected, in the course of its procedural-default analysis, the notion that Aruanno had good cause for failing to raise his ineffective-assistance-of-counsel claims earlier. J.A. 15. And given that Aruanno has raised substantially the same evidence of good cause on appeal as that previously available to the District Court (letters by Aruanno to the Court), I see no reason why the District Court would reconsider that conclusion on remand. In essence, a remand on the dispositive issue of good cause appears futile. *Cf. Caver v. City of Trenton*, 420 F.3d 243, 265 (3d Cir. 2005) (remand of hostile work environment claim would be futile where fact-finder had already ruled on the determinative factual issue in the course of examining another cause of action).[7] Accordingly, I concur in the Court's judgment.

---

[7] As my colleagues point out, although Aruanno (unbeknownst to the District Court when it filed its opinion in 2005) filed a post-conviction relief petition in state court in 2003, this petition did not contain any ineffective-assistance-of-counsel claims until 2007. Thus, it is hard to imagine how the undisclosed state petition would have affected the District Court's conclusion that Aruanno lacked good cause for failing to raise his ineffective assistance claims in a timely fashion.