Amended GLD-100                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4080
_____

SAMUEL DYWAYNE WILLIAMS,
                                                Appellant

v.

JEROME WALSH, Warden; PA ATTORNEY GENERAL;
DAUPHIN COUNTY DISTRICT ATTORNEY'S OFFICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-02479)
District Judge: Honorable A. Richard Caputo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2011
Before:   AMBRO, CHAGARES AND NYGAARD, Circuit Judges

(Opinion filed: February 11, 2011)
_____

OPINION
_____

PER CURIAM

       Appellant Samuel Dywayne Williams was found guilty of unlawful delivery of a

controlled substance and criminal conspiracy following a jury trial in the Dauphin County

Court of Common Pleas.  Williams participated in selling crack cocaine to an undercover

police officer.  On November 21, 2002, the trial court imposed a sentence of

imprisonment of 42 to 84 months. On June 25, 2004, the Superior Court of Pennsylvania affirmed the criminal judgment on direct appeal. The court found no merit to Williams' claim that the evidence against him was insufficient. The court explained: "Here, Officer Muldrew testified to the following: (1) he saw the meeting between [David] Richardson and Williams; (2) he saw a 'slight exchange of hands' between the two which he believed to be a drug transaction…; and (3) he tried to pay Williams but Williams nodded his head toward Richardson." Opinion of the Pennsylvania Superior Court, 6/25/04, at 6 (citing N.T., 10/11/02, at 18).

On May 4, 2005, Williams filed a timely pro se petition under the Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. The petition was dismissed without a hearing, and Williams appealed, contending that appointed post-conviction counsel erred in filing a "no merit" letter and in seeking to withdraw. In his pro se brief, Williams contended that the trial court had abused its discretion during its charge to the jury. On March 13, 2007, the Superior Court determined that Williams' claim might have arguable merit to the extent that the trial court, in summarizing the evidence for the jury, may have prejudicially mischaracterized it. The court vacated the dismissal and remanded the matter for further proceedings, directing that new post-conviction counsel be appointed to review Williams' case to determine whether he had raised any non-frivolous issues.

On remand, new post-conviction counsel, Elizabeth A. Hoffman, was appointed to represent Williams. She filed a supplemental petition, raising three ineffective assistance of counsel claims relating to the trial court's alleged prejudicial mischaracterization of the testimony and the failure of counsel to object to it; she did not raise the underlying claim of trial court error. The post-conviction court again denied the petition. On April 23,

2009, the Superior Court affirmed, concluding that, although the underlying trial court error claim had arguable merit, there was no reasonable probability that the outcome of the proceeding would have been different had counsel objected and demanded a curative instruction. The court reasoned that the evidence against Williams was sufficient to support the convictions beyond a reasonable doubt. On October 26, 2009, the state Supreme Court denied discretionary review.

On December 15, 2009, Williams filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the Middle District of Pennsylvania. He raised these grounds for relief: (1) the trial court committed misconduct during its charge to the jury by prejudicially mischaracterizing the evidence; and (2) trial counsel rendered constitutionally ineffective assistance in failing to object to, or seek a curative instruction for, the trial court's improper conduct.

Williams did not dispute that claim 1 was unexhausted. See 28 U.S.C. § 2254(b)(1)(A) (writ shall not be granted unless applicant has exhausted the remedies available in the "courts of the State"). He filed a motion to stay the habeas corpus proceedings pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005), to allow him to return to state court to exhaust it. Williams explained that, after attorney Hoffman was appointed to represent him, he wrote to her and requested that she raise claim 1 – the claim of trial court error – in the supplemental petition. Williams contended that, although she indicated in a letter to him that she would, ultimately she chose not to,

raising instead three ineffective assistance of counsel claims relating to the trial court's mischaracterization of the evidence.[1]

Following the District Attorney's submission of a brief in opposition to stay and abeyance, the District Court declined to exercise its discretion and denied Williams' motion in an order entered on September 22, 2010. The court reasoned that, although the claim of trial court error might have arguable merit, Williams could not show good cause for his failure to exhaust his state court remedies in a timely fashion. The documents he attached to his stay motion established that he received a copy of the supplemental petition filed by Hoffman, and, once he read it, he was on notice that she had not raised the underlying claim of trial court error. If Williams had been dissatisfied with Hoffman's representation, he could have taken immediate action in state court to remedy the problem. He did not do so, either in the trial court or on appeal to the Superior Court.

Williams appeals. Our Clerk advised him that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing and he has done so.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Cir. LAR 27.4 and I.O.P. 10.6. Although Williams' habeas corpus case is still pending in the District Court, we have jurisdiction under Cohen v. Beneficial Indus. Loan Co., 337 U.S. 541 (1949), where the Supreme

---

[1] Hoffman appears to have raised these claims in the supplemental petition: trial counsel was ineffective for (1) failing to object to the trial court's highly prejudicial mischaracterization of David Richardson's trial and pretrial testimony; (2) failing to object to the trial court's prejudicial mischaracterization of the "exchange" that took place between Williams and Richardson; and (3) failing to object to the trial court's inadequate curative instruction. We note that Richardson pleaded guilty to criminal conspiracy prior to Williams' trial. At Williams' trial, Richardson testified that Williams was not involved in the sale of drugs to Officer Muldrew on the date in question.

4

Court held that a "small class" of collateral orders are final and appealable under 28 U.S.C. § 1291 even though they do not terminate the underlying litigation, id. at 546. The District Court's order denying stay and abeyance is such an order. See Christy v. Horn, 115 F.3d 201, 204 (3d Cir. 1997) (district court order holding habeas corpus petition in abeyance pending exhaustion of state remedies appealable under collateral order doctrine). We review the District Court's order denying stay and abeyance for an abuse of discretion. See Ellison v. Rogers, 484 F.3d 658, 660 (3d Cir. 2007) (citing Rhines, 544 U.S. at 276).

The Supreme Court has authorized the limited use of "stay and abeyance," see Rhines, 544 U.S. 269. Where the timeliness of a habeas corpus petition is at issue, 28 U.S.C. § 2244(d)(1), a District Court has the discretion to stay a mixed habeas petition to allow complete exhaustion in state court. Rhines, 544 U.S. at 277. The Court stressed, however, that stays should be permitted only when the unexhausted claims are not "plainly meritless" and there exists "good cause for the petitioner's failure to exhaust his claims first in state court." Id. See also Benchoff v. Colleran, 404 F.3d 812, 820 n.6 (3d Cir. 2005) (observing that Rhines "approved, but limited, the availability" of a stay). The District Court determined that Williams could not show good cause, and we agree.

In response to the District Court's "good cause" analysis, Williams appears to contend that he did all he could, and "allowed counsel's ineffectiveness to play out and then raised counsel's ineffectiveness and the issue of judicial misconduct within [his] petition for allowance of appeal to the Supreme Court of Pennsylvania at the first opportunity when counsel no longer represented [him]." Notice of Appeal, at 2-3. See also Appellant's Summary Action Response, at 2-6. But Williams was not "an unwary

petitioner, " Ellison, 484 F.3d at 662.  On the contrary, where the Superior Court itself noted the arguable merits of his claim of trial court error, Williams cannot show good cause for neglecting to expeditiously address attorney Hoffman's decision to forgo the underlying claim of trial court error in favor of the related ineffectiveness claims, see id. (good cause for stay and abeyance not shown where Appellate Division told petitioner "explicitly" that he could pursue his constitutional claims in application for post-conviction relief).  Williams did not advise the post-conviction court that Hoffman had chosen not to pursue the claim, and, even though he was still represented by Hoffman on appeal to the Superior Court, he did not ask to file a pro se supplemental brief wherein he could have called the Superior Court's attention to his view that the court's remand instructions had been frustrated by newly appointed post-conviction counsel.

The Superior Court, throughout the proceedings, remained of the view that the underlying claim of trial court error had arguable merit.  Williams simply had nothing to gain by letting the problem "play out" until his only avenue for relief was a discretionary appeal to the state Supreme Court.  The availability of a stay under Rhines is limited, Benchoff, 404 F.3d at 820 n.6.  Accordingly, the District Court did not abuse its discretion in denying Williams' a stay so that he could return to state court to exhaust the underlying claim of trial court error.

For the foregoing reasons, we will summarily affirm the order of the District Court denying the motion for stay and abeyance.