F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN D. CHESTRA,

      Plaintiff - Appellant,

v.

STATE OF KANSAS; SEDGWICK
COUNTY, KANSAS; CHRISTIAN
ZOLLER, in his individual and
official capacity; RON PASCHAL,
Assistant District Attorney for
Sedgwick County; NOLA
FOULSTON, District Attorney for
Sedgwick County; GREGORY
WALLER, District Judge, 18th
Judicial District, Sedgwick County;
PAUL CLARK, District Court Judge,
18th Judicial District, Sedgwick
County,

      Defendants - Appellees.

No. 01-3140
(D.C. No. 01-CV-3022-GTV)
(D. Kan.)

KEVIN D. CHESTRA,

      Petitioner - Appellant,

v.

JAY SHELTON; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

      Respondents - Appellees.

No. 01-3188
(D.C. No. 00-CV-3466-DES)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Kevin D. Chestra, an inmate appearing pro se, seeks damages for alleged constitutional error in the sentencing in his state criminal proceeding pursuant to 42 U.S.C. § 1983 (No. 01-3140) and a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his habeas petition pursuant to 28 U.S.C. § 2254 (No. 01-3188). We have jurisdiction pursuant to 28 U.S.C. § 1291 over the §1983 action and 28 U.S.C. §§ 1291 and 2253(a) over the § 2254 action. We companion these two appeals for disposition because they are based on similar facts and raise similar issues. Given that neither Mr. Chestra's conviction nor his sentence has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus as required by Heck v. Humphrey, 512 U.S. 477, 489 (1994), we affirm the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

dismissal of his § 1983 action. Because Mr. Chestra has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we dismiss his § 2254 appeal.

Mr. Chestra was convicted of two counts of aggravated indecent liberties with a child and one count of criminal threat and was sentenced to serve consecutively 59 and 57 months for the two counts and 7 months for the threat. Doc. 1 at 1-2 (No. 01-3188). His conviction was affirmed on direct appeal. Id. at 4-5. He then sought state post-conviction relief. On December 1, 2000, Mr. Chestra also petitioned the Kansas federal district court for a writ of habeas corpus. Id. On January 17, 2001, Mr. Chestra filed the § 1983 complaint in the Kansas federal district court. Doc. 1 (No. 01-3140). The Kansas Court of Appeals heard Mr. Chestra's motion for state post-conviction relief on March 14, 2001, see Doc. 5 at 1 (No. 01-3188), but had not issued a ruling as of April 18 or April 23 of 2001, when the district court dismissed without prejudice the § 1983 complaint, Doc. 7 (No. 01-3140), and the petition for writ of habeas corpus, respectively, Doc. 3 (No. 01-3188).

As to the § 1983 appeal, we agree with the district court that Mr. Chestra has failed to state a cause of action. The Supreme Court has held that "a prisoner ... has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

corpus." Heck, 512 U.S. at 489. See Parris v. United States, 45 F.3d 383, 384-85 (10th Cir. 1995). Mr. Chestra has made no such showing.

As to the COA, Mr. Chestra's appeal is controlled by § 2254(b) which prohibits the granting of relief unless the petitioner has fully exhausted state court remedies or demonstrated that such remedies are unavailable or ineffective under the circumstances. See also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999). Mr. Chestra petitioned the federal district court before the state court of appeals had ruled on his motion for post-conviction relief. He, therefore, failed to fully exhaust his state court remedies and has neither argued nor demonstrated that such remedies are unavailable or ineffective. Mr. Chestra asserts that the district court should have granted his motion to stay the proceedings rather than dismiss without prejudice. We find that the district court did not abuse its discretion in dismissing without prejudice rather than staying the proceedings.

We AFFIRM the district court's order dismissing Mr. Chestra's § 1983 complaint. We also DENY Mr. Chestra's request for a COA and DISMISS his § 2254 appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
