**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3537
_____

JAMES MCLAUGHLIN,
Appellant

v.

ROBERT SHANNON, SUPERINTENDENT SCI AT FRACKVILLE;
THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 08-cv-04979)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2011

Before:  CHAGARES, VANASKIE and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 8, 2011)

_____

OPINION
_____

PER CURIAM

James McLaughlin, a Pennsylvania prisoner proceeding pro se, appeals from the

District Court's denial of his motion for a stay and abeyance and dismissal of his petition for a writ of habeas corpus. For the reasons that follow, will affirm in part and vacate in part and remand for further proceedings consistent with this opinion.

I.

Following a 1999 jury trial, McLaughlin was convicted of first degree murder and recklessly endangering another person, and was sentenced to a mandatory life sentence. The Superior Court affirmed the judgment, and the Pennsylvania Supreme Court denied allocatur. He then filed a PCRA petition, and was appointed counsel. In his petition, McLaughlin alleged that his trial counsel was constitutionally ineffective and that he had newly-discovered evidence of his innocence—the affidavit of an exculpatory witness. The petition was considered and dismissed without a hearing, and his PCRA counsel appealed only the denial of his ineffective assistance claim.

While his PCRA appeal was pending, McLaughlin filed a pro se "Petition for Remand and Appointment of New PCRA Counsel" to the Superior Court, arguing that his PCRA counsel was ineffective for failing to appeal both claims. His appeal was denied and, without commenting on its merits, the Superior Court denied his pro se petition. He then filed a counseled petition to the Pennsylvania Supreme Court for allowance of appeal. While that was pending, he filed additional pro se petitions to the Supreme Court seeking remand and appointment of new counsel. The Supreme Court forwarded his pro se petitions to his attorney, who took no action. In July 2008, it denied

allowance of appeal.

In September 2008, McLaughlin filed a second PCRA petition, alleging that he was denied the opportunity to appeal both of the claims presented in his original PCRA petition due to the state courts' mishandling of his requests for remand and new counsel. The Court of Common Pleas dismissed this petition without a hearing, and McLaughlin appealed to the Superior Court.[1]

McLaughlin filed the instant habeas corpus petition while his second PCRA petition was pending. He raised the same issues put forth in his first PCRA petition, but conceded that his new-evidence claim was unexhausted due to his counsel's failure to appeal. He moved the District Court to stay and abey the federal proceedings pending the outcome of his second PCRA petition and appeal. The Court held that because McLaughlin's unexhausted claim was without merit he was not entitled to a stay of his habeas petition, and that it was therefore required to dismiss his petition in its entirety without prejudice. McLaughlin timely appealed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254. We have

---

[1] After the District Court's dismissed his habeas petition, the Superior Court held that the court had mishandled McLaughlin's allegations of PCRA counsel's ineffectiveness, and that that justified the filing of a second PCRA petition. Commonwealth v. McLaughlin, No. 3164 EDA 2009 (Pa. Super. Ct. 2011). It therefore reversed the dismissal his second petition and remanded to the Court of Common Pleas. That Court dismissed his petition once again in September 2011, and McLaughlin's appeal is now pending. See Commonwealth v. McLaughlin, Crim. No. 5370, doc. No. CP-23-CR-0005370-1998.

jurisdiction under 28 U.S.C. §§ 1291, 2253. We granted a certificate of appealability as to: (1) whether the District Court abused its discretion by denying McLaughlin's motion to stay and abey, and (2) whether the District Court erred in holding that it could neither reject his unexhausted claim on its merits nor allow McLaughlin to delete it, and that it was therefore obligated to dismiss McLaughlin's petition.[2] We review the District Court's denial of a motion to stay and abey for an abuse of discretion. See Ellison v. Rogers, 484 F.3d 658, 660 (3d Cir. 2007) (citing Rhines v. Weber, 544 U.S. 269, 276 (2005)). We apply a plenary standard of review to the question whether a district court has authority to stay a habeas petition. Heleva v. Brooks, 581 F.3d 187, 189 (3d Cir. 2009) (citing Crews v. Horn, 360 F.3d 146, 149 (3d Cir. 2004)).

III.

Initially, we find that the District Court did not abuse its discretion by denying McLaughlin's stay motion. A stay and abeyance may be granted only where: (1) good cause exists for the petitioner's failure to exhaust all claims, (2) the unexhausted claims are not "plainly meritless," and (3) there is an absence of any indication that the petitioner is engaged in "potentially dilatory tactics." Rhines, 544 U.S. at 278. The District Court correctly determined that McLaughlin's unexhausted claim, involving newly-discovered

---

[2] We also determined that McLaughlin's claim that his trial counsel's failure to object to an instruction on self-defense constituted ineffective assistance was debatable, and granted a certificate of appealability as to that issue. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Pabon v. Mahanoy, 654 F.3d 385, 393 n.9 (3d Cir. July 12, 2011). We need not reach the merits of this claim, which should be addressed by the District Court in the

exculpatory evidence, was without merit. Although the Supreme Court has left open the issue whether habeas corpus relief may ever be available for a freestanding innocence claim, "the threshold showing for [such a claim] would necessarily be extraordinarily high." Herrera v. Collins, 506 U.S. 390, 417 (1993). In this case the exculpatory affidavit at issue in his unexhausted claim is of at best questionable credibility and would not satisfy such a threshold; even if it was exhausted, the claim would not warrant relief. Accordingly, the District Court's denial of McLaughlin's motion to stay and abey was not an abuse of discretion. Rhines, 544 U.S. at 278.

As the District Court noted, habeas petitions raising both exhausted and unexhausted claims cannot proceed. Rose v. Lundy, 455 U.S. 509 (1982). When faced with a mixed petition, District Courts have four options available: dismiss the petition without prejudice; stay the petition pending the outcome of state proceedings under Rhines, allow the petitioner to delete all unexhausted claims and proceed on the remainder, or—if the unexhausted claims are meritless—deny them under 28 U.S.C. § 2254(b)(2). See Rhines, 544 U.S. at 277-78. Here, the District Court correctly identified these courses of action, but held that because McLaughlin's unexhausted claim was "plainly meritless" it had no choice save to dismiss under Rose. McLaughlin v. Shannon, No. 08-4979, 2010 WL 3169838, at *10 n.9 (E.D. Pa. Aug. 10, 2010). This is incorrect. Prisoners who submit mixed petitions "can *always* amend the

first instance.

5

petition to delete the unexhausted claims." Rose, 455 U.S. at 520 (emphasis added); see also Rhines, 544 U.S. at 278. Additionally, 28 U.S.C. § 2254(b)(2) allows for the rejection of non-meritorious claims on their merits regardless of exhaustion—the District Court's determination that McLaughlin's unexhausted claim was "plainly meritless" presents no bar to this course of action.

In determining how to proceed on remand, the District Court should consider that Rose "was meant only to prevent review of unexhausted habeas claims, not to bar viable, exhausted claims from federal court review." Urcinoli v. Cathel, 546 F.3d 269, 276 (3d Cir. 2008); see also Rhines, 544 U.S. at 278 ("If a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").[3]

### IV.

For the reasons stated above, we will affirm the District Court's denial of

---

[3] In this case, the Commonwealth argues that McLaughlin's second PCRA will be held to be untimely in the state courts. We are mindful of the fact that, should that happen, his petition will provide no basis to toll AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(2); See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2)"). If so, the District Court's disposition of McLaughlin's petition may effectively bar him from raising any federal claims. Urcinoli, 546 F.3d 269 (holding that such a dismissal may provide grounds to equitably toll the statute of limitations for a second habeas petition).

McLaughlin's motion to stay his federal petition and vacate its dismissal of his petition. We remand the case to the District Court for further proceedings consistent with this opinion.