FILED
United States Court of Appeals
Tenth Circuit

December 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY GORDON,

        Petitioner - Appellant,

v.

PAT SULLIVAN; GALE NORTON,

        Respondents - Appellees.

_____

LARRY GORDON,

        Petitioner - Appellant,

v.

FRANCIS FALK, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 14-1188
(D.C. No. 1:92-CV-02425-JRC)
(D. Colo.)

No. 14-1258
(D.C. No. 1:14-CV-00371-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

_____

[*]    The Court has determined that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). As a result, we have decided the appeals based on the briefs.

    This order and judgment does not constitute binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

The district court denied Mr. Larry Gordon's motion for appointed counsel and application for habeas relief. Mr. Gordon appeals the denial of appointed counsel (No. 14-1188) and wants to appeal the denial of habeas relief (No. 14-1258).

## Appeal No. 14-1188

In 1992, a Colorado state court issued a warrant for Mr. Gordon's arrest on charges of second-degree kidnapping, first- and second-degree sexual assault, menacing, and third-degree assault. He was found in a Nebraska jail and extradited to Colorado.

In Colorado, Mr. Gordon filed a habeas application in federal district court, complaining of his prior detention in Nebraska, his extradition, and his legal representation. The district court dismissed the application because Mr. Gordon had not exhausted state court remedies.

Twenty years later, Mr. Gordon filed a motion to appoint counsel, claiming that he was being "tortured under a mind control substance . . . to perfect a death sentence without a jury trial." R. at 5. The district court summarily denied the motion as moot in light of the prior dismissal of the habeas application.

On appeal, Mr. Gordon appears to advance the same claims he made in his 1992 habeas application.[1]  But he does not address the district court's determination that his motion to appoint counsel was moot based on the dismissal of the habeas application twenty years earlier.  The district court did not abuse its discretion in denying the motion.  *See Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (observing that "[t]he decision to appoint counsel is left to the sound discretion of the district court"); *United States v. De Vaughn*, 694 F.3d 1141, 1157 (10th Cir. 2012) (stating that "[a] case is moot when the issues presented are no longer live" (internal quotation marks omitted)).  Thus, we affirm the order denying appointment of counsel.

**Appeal No. 14-1258**

In 1993, Mr. Gordon was convicted of second-degree kidnapping, third-degree assault, and second-degree burglary.  *See People v. Gordon*, Case No. 93CR1055 (Denver County District Court Dec. 17, 1993).  The Colorado Court of Appeals affirmed, the Colorado Supreme Court denied certiorari, and the United States Supreme Court denied certiorari.

---

[1]     Mr. Gordon's notice of appeal designates only the district court's order denying the motion to appoint counsel.  A certificate of appealability is not required for an order denying appointed counsel in a habeas proceeding.  *See Harbison v. Bell*, 556 U.S. 180, 183 (2009).  We have appellate jurisdiction because the ruling followed dismissal of the action and left nothing for the district court to do.  *See Montez v. Hickenlooper*, 640 F.3d 1126, 1132 (10th Cir. 2011) ("This court typically only has jurisdiction over final decisions of the district court, which generally means the district court's decision must reflect the termination of all matters as to all parties and causes of action." (internal quotation marks omitted)).

Mr. Gordon applied for habeas relief, complaining that he was denied counsel and tortured. R. at 37. The district court dismissed the application on timeliness grounds and declined to issue a certificate of appealability.

To appeal, Mr. Gordon needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To obtain the certificate, Mr. Gordon must show that reasonable jurists could find the district court's ruling debatable or wrong. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

Federal law imposes a one-year period of limitations. *See* 28 U.S.C. § 2244(d). The limitations period ordinarily begins when the judgment became final, which is when the Supreme Court denied certiorari. *Id.* § 2244(d)(a)(A); *Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001). But the limitations period is tolled while state post-conviction proceedings remain pending. 28 U.S.C. § 2244(d)(2).

The United States Supreme Court denied certiorari in October 1996, and Mr. Gordon failed to seek postconviction relief within a year.[2] Thus, the limitations

---

[2] Mr. Gordon moved for sentence reconsideration under Colo. R. Crim. P. 35(b) on January 25, 1996, and the court declined relief on March 8, 1996 (before the United States Supreme Court denied certiorari review). Although "a properly filed Colorado Rule of Criminal Procedure 35(b) motion tolls the one-year limitation period in § 2244(d)(1)," the limitations period did not begin for another seven months. *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006). Mr. Gordon did not appeal the denial of his Rule 35(b) motion. Instead, in December 1997, he filed a motion to disqualify the trial judge. That motion had no tolling effect because

- it was filed after the limitations period had expired in October 1997, and

- it does not seek "review with respect to the pertinent judgment or claim."

(continued)

- 4 -

period expired in October 1997, and Mr. Gordon did not file the habeas application until February 2014. In these circumstances, any reasonable jurist would conclude the habeas application is time-barred. As a result, we decline to issue a certificate of appealability in Case No. 14-1258 and dismiss the appeal.

## Application for Pauper Status

In both appeals, Mr. Gordon seeks leave to proceed in forma pauperis. We grant this status in No. 14-1188. In No. 14-1258, we deny leave to proceed in forma pauperis on the ground of mootness. *See Johnson v. Keith*, 726 F.3d 1134, 1136 (10th Cir. 2013) (denying leave to proceed in forma pauperis on the ground of mootness upon denial of a certificate of appealability).

## Conclusion

The judgment of the district court in Appeal No. 14-1188 is affirmed. We deny the certificate of appealability and dismiss the appeal in No. 14-1258.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

28 U.S.C. § 2244(d)(2); *Clark v. Okla.*, 468 F.3d 711, 714 (10th Cir. 2006).