FILED
United States Court of Appeals
Tenth Circuit

January 31, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK LEE WOLFE,

      Petitioner - Appellant,

v.

JASON BRYANT, WARDEN,

      Respondent - Appellee.

No. 16-5150
(D.C. No. 14-CV-00104-JHP-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.

Mark Lee Wolfe is an Oklahoma state prisoner proceeding pro se.[1]  The district

court denied his 28 U.S.C. § 2254 application for a writ of habeas corpus.  He now seeks

two certificates of appealability ("COA") to challenge the district court's denial of (1) his

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Wolfe is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

motion to amend and (2) his motion to stay.  Exercising jurisdiction under 28 U.S.C. § 1291, we deny his requests and dismiss this matter.

## I.  **BACKGROUND**

Mr. Wolfe is serving a life sentence without the possibility of parole for a drug trafficking conviction.  *See Wolfe v. Bryant*, No. 14-CV-0104-JHP-TLW, 2016 WL 4734653, at *1 (N.D. Okla. Sept. 9, 2016).[2]  That conviction grew out of events that occurred in a Tulsa, Oklahoma, hotel parking lot in March 2005.  *Id.*  Tulsa police went to the Hawthorne Suites to review the guest register for wanted individuals.  *Id.*  One officer recognized Mr. Wolfe's name, and the police waited in the hotel parking lot for him to return.  *Id.*  After Mr. Wolfe drove into the parking lot, police arrested him as he removed belongings from the car.  *Id.*  An Oklahoma jury later convicted him for crimes related to his possession of the approximately 600 grams of methamphetamine that police found in one of the bags he was holding.

Mr. Wolfe appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), raising 12 points of error, including that the state trial court erred by denying his motion to suppress the drug evidence.  The OCCA found no errors and affirmed Mr. Wolfe's convictions and sentence.  *See Wolfe v. State*, No. F-2011-581 (Okla. Ct. Crim. App.

---

[2] In the same case, Mr. Wolfe also was convicted for (1) failing to affix a drug tax stamp and (2) unlawful possession of paraphernalia.  *Id.*  On these counts, he received sentences of four years and one year, respectively.  *Id.*  The state trial judge in Tulsa County set the life sentence and these term-of-years sentences to run consecutively.  *Id.*

June 28, 2013) (unpublished).[3]

In October 2013, Mr. Wolfe filed an application for state post-conviction relief. He raised the same 12 issues he presented to the OCCA.[4] The state trial court denied this petition. *See Wolfe v. State*, No. CF-2005-1158, slip op. at 8 (D. Ct. Tulsa Cty., Okla., Nov. 27, 2013) ("Order Denying Petitioner's Third 'Application for Post-Conviction Relief'"). Mr. Wolfe appealed and raised five issues to the OCCA.[5] The OCCA declined jurisdiction because Mr. Wolfe had failed to include a certified copy of the trial court order he was appealing as required by state rules.

In March 2014, Mr. Wolfe filed an application for federal habeas relief under 28 U.S.C. § 2254 in the U.S. District Court for the Northern District of Oklahoma. He raised the same five issues he had attempted to present to the OCCA in his post-conviction appeal—issues which he had already presented to the OCCA as part of his 12-issue direct appeal.

---

[3] Mr. Wolfe took an unconventional route to the OCCA. The state trial court sentenced him on March 28, 2007, and he filed a notice of appeal but failed to perfect it. In August 2009, Mr. Wolfe filed his First Application for Post-Conviction Relief, requesting an out-of-time appeal. The trial judge who reviewed that application recommended Mr. Wolfe be given an out-of-time appeal, but the OCCA dismissed the appeal. In May 2011, Mr. Wolfe filed his Second Application for Post-Conviction Relief, again requesting an out-of-time appeal. A different trial judge recommended Mr. Wolfe be given an appeal, and the OCCA agreed to hear the case.

[4] This application was styled as Mr. Wolfe's Third Application for Post-Conviction Relief.

[5] Mr. Wolfe asserted four propositions of error, but there were five separate issues. *See* ROA Vol. 1 at 400, 601 & n.2.

- 3 -

On July 14, 2015, before the district court had adjudicated his federal habeas application, Mr. Wolfe filed a "Motion for Leave to Amend Petition for Writ of Habeas Corpus." ROA Vol. 1 at 528. He sought to call the district court's attention to the Supreme Court's June 22, 2015 decision in *City of Los Angeles v. Patel*, 135 S. Ct. 2443 (2015). *Patel* held that a Los Angeles municipal ordinance "requir[ing] hotel operators to make their registries available to the police on demand [was] facially unconstitutional because it penalize[d] them for declining to turn over their records without affording them any opportunity for precompliance review" in violation of the Fourth Amendment. *Id.* at 2447. Mr. Wolfe argued *Patel* was relevant to his eligibility for habeas relief and sought leave to amend his petition.

The district court denied the motion on February 2, 2016. The court treated the motion as seeking to supplement Mr. Wolfe's argument on the Fourth Amendment ground raised in his habeas application. The court observed that, because the OCCA had rejected this claim on the merits, the district court was limited to reviewing the OCCA's decision under Supreme Court precedent in existence at the time of the state court adjudication. *See* 28 U.S.C. § 2254(d)(1); *see also Greene v. Fisher*, 132 S. Ct. 38, 44 (2011). Because *Patel* post-dated the OCCA's decision, the district court concluded it could not consider Mr. Wolfe's new authority even if it allowed amendment, and it

- 4 -

therefore denied his motion to amend.[6]

On June 16, 2016, after the district court denied his motion to amend but still before the court had adjudicated his habeas application on the merits, Mr. Wolfe filed a "Motion to Stay." ROA Vol. 1 at 572. He identified three new issues he wanted to raise that he had not presented to the Oklahoma state courts. His first two issues concerned his new *Patel* contention. In his third issue, Mr. Wolfe asserted that his sentence violated the Eighth Amendment. Recognizing these were new grounds for relief, Mr. Wolfe asked the district court to stay the federal proceedings so that he could exhaust his state remedies and then return to federal court.

The district court denied Mr. Wolfe's motion for a stay in an order dated September 9, 2016. The court found Mr. Wolfe had not shown good cause for his failure to exhaust. It also concluded all three proposed claims would be time-barred because the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1) had run and Mr. Wolfe had not filed any application for state post-conviction relief on the new claims to toll the limitations period, *see* § 2244(d)(2) (addressing tolling).

In the same September 9, 2016 order, the district court denied the five claims for

---

[6] The district court also flagged an even more fundamental problem with Mr. Wolfe's Fourth Amendment claim—its likely nonreviewability under *Stone v. Powell*, 428 U.S. 465, 482 (1976). *Stone* precludes habeas relief for a claim that evidence was obtained in violation of the Fourth Amendment where the prisoner had a full and fair opportunity to litigate the Fourth Amendment issue in state court. *Id.* at 494. In the district court's later merits disposition of Mr. Wolfe's habeas application, it determined Mr. Wolfe received a full and fair opportunity, and therefore his Fourth Amendment claim could not be a source of habeas relief.

relief Mr. Wolfe had presented in his habeas application, and it entered judgment against

Mr. Wolfe. The court declined to issue a COA on any of Mr. Wolfe's five claims.[7]

Mr. Wolfe filed a timely notice of appeal as well as a combined opening brief and

application for COA to this court.

## II. **THE COA REQUIREMENT**

A COA is generally a jurisdictional prerequisite to our review of an issue decided

in a § 2254 proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S.

322, 335-36 (2003). Sometimes, however, a prisoner may invoke our appellate

jurisdiction without obtaining a COA.

In *Harbison v. Bell*, 556 U.S. 180, 183 (2009), the Supreme Court explained that

§ 2253(c)(1)(A), the provision requiring a COA, "governs final orders that dispose of the

merits of a habeas corpus proceeding." *Id. Harbison* held a district court's order denying

a motion to expand the authority of appointed counsel can be appealed without first

securing a COA. *Id.*

Our cases concluding that COAs are not required for certain collateral matters

further illustrate this principle. *See, e.g.*, *Knox v. Trammell*, 620 F. App'x 683, 684 n.1

(10th Cir. 2015) (unpublished) (concluding appeal from denial of motion for transcripts

---

[7] In a separate order, the court granted Mr. Wolfe *in forma pauperis* status to proceed in this appeal without prepayment of fees.

did not require COA)[8]; *Gordon v. Sullivan*, 593 F. App'x 826, 827 n.1 (10th Cir. 2014) (unpublished) (same for motion to appoint counsel).  Other circuit decisions supply additional guidance.  *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) (no COA required to appeal district court's transfer order of successive § 2255 motion); *Summers v. Sec'y Fla. Dep't of Corr.*, 569 F. App'x 846, 848 (11th Cir. 2014) (per curiam) (unpublished) (no COA required to appeal district court's denial of motion to reopen under Rule 4(a)(6) of Federal Rules of Appellate Procedure); *Lambright v. Ryan*, 698 F.3d 808, 817 & n.2 (9th Cir. 2012) (no COA required to appeal district court's modification of protective order).

Mr. Wolfe does not seek a COA for any of the five claims he raised in his habeas application—the claims the district court denied in its final order.  Instead, he challenges the district court's denials of (1) his motion to amend and (2) his motion to stay.  Our cases point to the conclusion that he must obtain COAs for the two issues he wishes to appeal here.  *See Herd v. Tapia*, 356 F. App'x 140, 143 (10th Cir. 2009) (unpublished) (requiring COA to appeal district court's denial of motion to amend § 2254 application); *see also Doe v. Jones*, 762 F.3d 1174, 1176, 1181-84 (10th Cir. 2014) (reviewing denial of motion seeking a stay following grant of COA); *Clay v. Smith*, 365 F. App'x 98, 101 (10th Cir. 2010) (unpublished) (denying COA in appeal of Rule 60(b) motion seeking a stay); *Chestra v. Kansas*, 34 F. App'x 609, 610 (10th Cir. 2002) (unpublished) (declining

---

[8] We cite unpublished cases in this order only for their persuasive value.  *See* Fed. R. App. P. 32.1, 10th Cir. R. 32.1.

to issue COA where prisoner argued district court should have stayed proceedings to allow for state exhaustion).

Cases from other circuits lend additional support. *See McLaughlin v. Shannon*, 454 F. App'x 83, 85 (3d Cir. 2011) (unpublished) (reviewing denial of motion to stay following grant of COA); *Butts v. Sheets*, 279 F. App'x 354, 356 (6th Cir. 2008) (unpublished) (noting district court's grant of a COA on stay issue); *Olvera v. Giurbino*, 371 F.3d 569, 570 (9th Cir. 2004) (reviewing denial of motion to stay following grant of COA); *United States v. Saenz*, 282 F.3d 354, 355 (5th Cir. 2002) (reviewing denial of motion to amend in § 2255 context after granting a COA); *Littlejohn v. Artuz*, 271 F.3d 360, 361, 364 (2d Cir. 2001) (granting COA and reviewing district court's denial of motion for leave to amend § 2254 application); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 806, 808, 814-17 (2d Cir. 2000) (reviewing denial of motion to amend on the basis of timeliness following grant of COA). *But see Haynes v. Quarterman*, 526 F.3d 189, 196-97 (5th Cir. 2008) (reviewing merits of denial of motion to stay without granting COA); *Mathis v. Dretke*, 124 F. App'x 865, 870 (5th Cir. 2005) (per curiam) (unpublished) ("A COA is not a prerequisite to review the denial of a motion to stay proceedings.").

We side with the weight of authority and accordingly require Mr. Wolfe to obtain a COA before we would review his challenges to the district court's rulings on the

motion to amend and the motion to stay.[9]

To obtain a COA, Mr. Wolfe must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Mr. Wolfe's procedural motions, it did not address the substance of his new constitutional claims. In this circumstance, a COA cannot issue unless he shows *both* that jurists of reason would find the underlying constitutional claim debatable *and* that jurists of reason would find debatable the district court's procedural rulings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, we ask whether "reasonable jurists could debate whether . . . the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). We may "resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Because Mr. Wolfe has not shown that reasonable jurists could debate the district court's procedural rulings, we start and end our discussion there.

## III. **DISCUSSION**

We consider Mr. Wolfe's two issues and conclude neither warrants granting a COA because the correctness of the district court's procedural rulings is beyond debate.

---

[9] Even if a COA were not required for appellate review of these two issues, our analysis below shows Mr. Wolfe's claims would necessarily fail under our abuse-of-discretion standard of review for the denial of motions to amend and motions to stay. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (motion for leave to amend); *Doe v. Jones*, 762 F.3d 1174, 1176 (10th Cir. 2014) (motion for stay).

A. *Motion to Amend*

1. **Legal Background**

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (discussing application of federal civil rules in habeas context).

Federal Rule of Civil Procedure 15(a)(2) provides in relevant part that district courts "should freely give leave [to amend] when justice so requires." "Rule 15(a) allows the judge to deny a motion to amend because of," among other things, the "futility of the amendment." *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) (quotations omitted) (applying Rule 15 in § 2254 context).

2. **Analysis**

Mr. Wolfe argues (1) he could not have sought leave to amend to make his new argument until *Patel* was decided, (2) he filed his motion less than a month after the Supreme Court decided *Patel*, and (3) he "never engaged in any dilatory tactics; on the contrary [he] . . . made a very strong good faith effort to present his claims as clearly as possible." Aplt. Br. at 3a. Mr. Wolfe also calls our attention to the difficulties of preparing legal filings while incarcerated.

We have no reason to disagree with Mr. Wolfe on these points, but they do not affect the district court's conclusion that Mr. Wolfe's *Patel* argument could not supplement his Fourth Amendment claim on habeas review. The district court was

- 10 -

limited to reviewing the OCCA's decision under Supreme Court precedent in existence at the time of the OCCA's decision. *See Greene*, 132 S. Ct. at 44 (holding habeas court must "measure state-court decisions against [the Supreme] Court's precedents *as of the time the state court renders its decision*" (quotations omitted)). That universe of cases did not include *Patel*.

Accordingly, reasonable jurists could not debate the correctness of the district court's decision. We therefore decline to issue a COA for this issue.[10]

### B. *Motion to Stay*

### 1. **Legal Background**

An application for habeas relief under § 2254 "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982) (imposing "total exhaustion" requirement). In addition to satisfying the exhaustion rule, a prisoner must present his claims to the federal court within a one-year limitations period. *See* 28 U.S.C. § 2244(d)(1).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that strict

---

[10] Our conclusion is unaffected by Mr. Wolfe's separate argument that *Patel* was more than an additional authority in support of his Fourth Amendment claim and that *Patel* was itself a source for habeas relief because it is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). Mr. Wolfe is mistaken. He cites *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and *Welch v. United States*, 136 S. Ct. 1257 (2016), but these cases concerned the retroactive application of different Supreme Court decisions. Mr. Wolfe fails to show that the Supreme Court has made *Patel* retroactive.

- 11 -

enforcement of both the exhaustion and timeliness rules can sometimes mean a state prisoner will lose any opportunity for federal habeas review. *Id.* at 275. To ameliorate this problem, *Rhines* permitted district courts to use a "stay and abeyance" procedure "in limited circumstances" to stay the federal proceeding and hold a habeas application in abeyance "while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275, 277. Prisoners, however, are not automatically entitled to this procedure:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. The limitations period of section 2244(d)(1) remains important. *Id.* at 278 ("Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns . . . ."). And, absent a stay, the prisoner must present his claims within the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1).

2. **Analysis**

Mr. Wolfe's habeas application consisted of five exhausted grounds for relief— that is, all five claims had previously been presented to the OCCA. Nevertheless, he moved for a stay so that he could exhaust three new *proposed* claims in the state courts. Two of his new claims concerned the *Patel* issue for which he had sought leave to amend

- 12 -

his federal habeas application. The third claim raised an Eighth Amendment challenge to his sentence.

The district court considered Mr. Wolfe's eligibility for a *Rhines* stay and concluded he had not shown good cause for his failure to exhaust his new claims. Accepting that Mr. Wolfe could not have presented his *Patel* grounds to the state courts until that case was decide in June 2015, the district court observed that Mr. Wolfe still had not presented those claims in a state post-conviction proceeding more than a year after *Patel* was decided. Similarly, Mr. Wolfe had not presented his Eighth Amendment claim to the state courts. He argued ineffective assistance of counsel was responsible for his failure to bring his Eighth Amendment claim, but, even accepting that argument, the district court saw no cause for Mr. Wolfe's failure to present his Eight Amendment claim once he became aware of it.

The district court also concluded that, even if Mr. Wolfe were permitted to exhaust his claims in state court, all three claims would be time-barred under 28 U.S.C. § 2244(d)(1)(A). The district court considered Mr. Wolfe's eligibility for routes around the timeliness barrier, but it found none open to him. It saw no basis for equitable tolling or for use of the "actual innocence" gateway to excuse Mr. Wolfe's failure to exhaust his new claims and present them within the limitations period.

Mr. Wolfe now contends that it was his "intention" to exhaust his new claims had he been granted a stay and had he been allowed to amend his habeas application. Aplt. Br. at 4a. He argues "the district court effectively stood in the way of permitting

- 13 -

[him] . . . to exhaust remedies in state district court." *Id.* He also argues that "it is quite a difficult process" to research and prepare legal filings given his "limited access to legal materials" and "recurring lockdowns . . . within the prison." *Id.* at 3b.

These arguments do not persuade us to grant a COA. Mr. Wolfe offers no satisfactory explanation for his failure to apply for state post-conviction relief on his new claims in the period before the district court denied his motion for a stay. The district court correctly found he had not shown good cause. And, concerning timeliness, Mr. Wolfe offers no argument as to why his claims would not be time-barred as the district court found. We cannot say reasonable jurists could debate the district court's conclusion that Mr. Wolfe was not entitled to a stay. Accordingly, we decline to issue a COA on the stay motion issue.

## IV. **CONCLUSION**

We deny Mr. Wolfe's COA requests and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge