**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROGER FRANK KINCAID,

      Petitioner - Appellant,

v.

CARL BEAR, Warden,

      Respondent - Appellee.

No. 16-6353
(D.C. No. 5:14-CV-00736-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Pro se state prisoner Roger Kincaid requests a certificate of appealability

(COA) to challenge the district court's denial of (1) his application for a writ of

habeas corpus under 28 U.S.C. § 2254 and (2) his motion to stay his habeas petition

to exhaust his state remedies. Because Kincaid has failed to satisfy the standard for

issuance of a COA, we deny his request and dismiss this matter. We also deny his

motion for leave to proceed in forma pauperis (IFP).

**BACKGROUND**

In 2007, two roommates were stabbed multiple times in an apartment in

Oklahoma—one fatally, one not. Kincaid, a friend of the victims, was staying in

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

their apartment at the time. The police arrested Kincaid for the stabbings after they found him wounded and hiding under a stairwell. A jury convicted him of first degree murder and assault and battery with a deadly weapon. He was sentenced to consecutive terms of life imprisonment and twenty years, respectively.

Kincaid appealed his convictions and sentence to the Oklahoma Court of Criminal Appeals (OCCA), raising nine issues. He alleged a number of evidentiary errors, asserted a violation of his Sixth Amendment right to confront the main witness who testified against him, and challenged the trial court's denial of funding for an expert witness to address his mental state on the night of the homicide. He also claimed that he received ineffective assistance of trial counsel. The OCCA summarily affirmed the judgment and sentence.

Kincaid then filed a pro se motion for post-conviction relief in the state trial court. This time, he detailed a host of ways in which his trial *and* appellate counsel purportedly failed him, mostly in making poor strategic decisions. The trial court found the ineffective-assistance claims involving trial counsel to be barred by res judicata and waiver, and it deemed those involving appellate counsel meritless. It therefore denied all post-conviction relief. The OCCA affirmed on appeal.

Kincaid next sought relief in federal district court under § 2254, asserting numerous constitutional violations. His claims mirrored those raised on direct appeal, with an additional claim for ineffective assistance of appellate counsel. In a Report and Recommendation (R&R) issued on September 14, 2016, the magistrate judge concluded that Kincaid did not satisfy either prong of § 2254(d) for his claims

2

and thus recommended the denial of the habeas petition. The district court agreed with the magistrate judge's analysis and adopted the R&R in a November 22, 2016, order. But in the interim Kincaid changed course—moving on October 3 to stay the habeas proceeding for 120 days pending his exhaustion in state court of seven claims asserting newly discovered evidence. The district court denied this motion when it adopted the R&R.

Kincaid now seeks a COA to appeal the district court's denial of habeas relief and his motion to stay. He also asks for permission to amend his § 2254 petition.

**DISCUSSION**

**A.      Request for a COA**

Kincaid cannot appeal the final order in his habeas proceeding without first getting a COA from this court. *See* 28 U.S.C. § 2253(c)(1)(A). He also needs a COA to challenge the district court's denial of his motion to stay his habeas petition. *See Wolfe v. Bryant*, No. 16-5150, 2017 WL 405619, at *3-4 (10th Cir. Jan. 31, 2017).

To obtain a COA, Kincaid must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The standard varies, depending on whether the district court rejected the constitutional claims in the habeas petition on the merits or on procedural grounds.

3

In denying the habeas petition, the district court clearly rejected Kincaid's exhausted claims on the merits. Therefore, a COA should issue only if he "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* By contrast, in denying the motion to stay, the district court did not reach the merits of Kincaid's unexhausted, newly-discovered-evidence claims. Thus, it effectively precluded him from raising these claims on procedural grounds, without assessing their merits. Under these circumstances, a COA should issue only if he "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

We liberally construe Kincaid's pro se filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, Kincaid has not made the requisite showing to obtain a COA to appeal the denial of his habeas petition or the denial of his motion to stay his habeas petition. His application for a COA is sparse: it does not contain any meaningful legal argument or analysis on either issue. And we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d at 1110); *see, e.g.*, *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1092 (10th Cir. 2006) (declining to address an issue when appellant "ma[de] no real argument (other than conclusory statements that the district court erred) and cite[d] no legal authority in support of its position").

4

Still, we "have tried to discern the kernel of the issues [he] wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).  We find nothing to justify the issuance of a COA after reviewing the OCCA's decision, the district court's order denying habeas relief, and the applicable law.

To the contrary, for the denial of habeas relief, we commend the magistrate judge for her thorough, well-reasoned assessment of each claim in light of § 2254(d)'s requirements.  For the denial of the motion to stay, we note that "the decision to grant a stay . . . is generally left to the sound discretion of district courts." *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 736 (10th Cir.) (alteration and internal quotation marks omitted), *cert. denied*, 137 S. Ct. 498 (2016).  "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," the "stay and abeyance" procedure is "available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).[1]  Kincaid's motion to stay merely lists the new claims he wants to bring, without proffering a convincing reason for a stay or satisfying the other *Rhines* requirements; thus, the district court's ruling was entirely proper.  Moreover, his application for COA describes Oklahoma state prisons' general reputation for denying prisoners access to legal mail and the law library and for frequent lockdowns, without articulating any negative effects on him personally.  We will not issue a COA under these circumstances.

---

[1] The district court must "determine[] there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277.  In addition, the claims cannot be "plainly meritless," and the petitioner must not have "engage[d] in abusive litigation tactics or intentional delay." *Id.* at 278.

**B.** **Motion to Amend**

Kincaid also seeks to amend his habeas petition to add new claims—going so far as to say it would be a manifest injustice and a denial of due process for us to deny him that opportunity. We cannot grant such an amendment because of the procedural posture of this case.

As a threshold matter, Kincaid never asked the district court for permission to amend. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). In addition, the district court already entered judgment so it would be improper for us to treat the request to amend as anything other than an attempt to file a second or successive habeas petition. *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006). Kincaid has not followed the applicable procedure for such a filing.

To the extent Kincaid seeks to assert in the district court any new claims not already asserted in his habeas petition, he must follow the procedures set forth in 28 U.S.C. § 2244 and seek authorization from this court. To succeed on a motion for authorization, he must show that his claims rely on (A) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (B) new facts that "could not have been discovered previously through the exercise of due diligence" and that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would

6

have found [him] guilty of the underlying offense." § 2244(b)(2)(A), (b)(2)(B)(i), (ii).

## C.    Motion for Leave to Proceed in Forma Pauperis

Finally, Kincaid seeks leave to proceed IFP. To receive that status, he must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," in addition to a financial inability to pay the required filing fees. *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted). As stated above, Kincaid does not present any legal arguments in his application for a COA, let alone reasoned, nonfrivolous ones. Accordingly, we deny his motion and order immediate payment of the unpaid balance of the appellate filing fee.

## CONCLUSION

For the reasons stated above, we deny Kincaid's request for a COA and dismiss the appeal. We also deny his motions to amend his § 2254 petition and to proceed IFP.

Entered for the Court

Gregory A. Phillips
Circuit Judge